UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN PALAZZOLO,

          Petitioner,

                                       CASE NO. 2:08-CV-14287
    v.                                 JUDGE ARTHUR J. TARNOW
                                       MAGISTRATE JUDGE PAUL J. KOMIVES

SHERRY BURT,

          Respondent.

_____/


# REPORT AND RECOMMENDATION

*Table of Contents*

I.      RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
II.    REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     A.    *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
     B.    *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     C.    *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     D.    *Sufficiency of the Evidence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
         1.    *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
         2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
     E.    *Impartial Jurist* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
         1.    *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12
         2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13
     F.    *Ineffective Assistance of Counsel* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17
         1.    *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17
         2.    *Trial Counsel* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
         3.    *Appellate Counsel* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
     G.    *Cumulative Effect of Errors* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
     H.    *Recommendation Regarding Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . 21
         1.    *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
         2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
     I.    *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
III.   NOTICE TO THE PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

I.       RECOMMENDATION: The Court should order an evidentiary hearing to develop a record with respect to petitioner's ineffective assistance of counsel claim. With respect to petitioner's remaining claims, the Court should conclude that petitioner is not entitled to habeas relief. The Court should also deny petitioner a certificate of appealability with respect to these claims.

II.      REPORT:

A.       *Procedural History*

1.       Petitioner John Palazzolo is a state prisoner, currently confined at the Parnall Correctional Facility in Jackson, Michigan.

2.       On February 14, 2006, petitioner was convicted of two counts of third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d(1)(b), following a bench trial in the Wayne County Circuit Court.  On March 7, 2006, he was sentenced to two concurrent terms of six to fifteen years' imprisonment.

3.       Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claims:

> I.      Petitioner is entitled to a new trial based upon newly discovered evidence:
>         the testimony of James Waitman.
>
> II.     Petitioner is entitled to a new trial because the verdict was against the
>         great weight of the evidence.
>
> III.    Petitioner is entitled to a new trial before an impartial jurist.
>
> IV.     Petitioner was denied a fair trial due to the cumulative effect of the errors
>         at trial.

Petitioner also filed a *pro per* motion for remand for an evidentiary hearing and a

supplemental brief in which he raised the following four additional issues:

> I.    [Petitioner] was deprived of his due process right to be tried by an impartial and unbiased trier of fact, as protected by the Sixth Amendment of the United States Constitution, where the trial judge (1) displayed a high level of bias and partiality in favor of the prosecution; (2) engaged in prosecutorial role playing; and (3) injected himself as an expert on the effects of crack cocaine in order to support his theory of the case, cumulatively evidencing that the judge should have recused himself, and thus warranting a new trial where he did not.
>
> II.   [Petitioner] was deprived of his Sixth Amendment right to effective assistance of counsel where trial counsel (1) erroneously convinced [Petitioner] to waive his right to trial by jury; (2) failed to move for recusal of the trial judge for bias; (3) failed to object to the clearly biased and partial acts of the trial judge; and (4) failed to investigate, prepare, and present strong meritorious defenses that were easily available and brought to his attention.
>
> III.  [Petitioner] was deprived of his Sixth and Fourteenth Amendment right to effective assistance of appellate counsel where appellate counsel (1) filed a motion for a new trial implying bias and partiality by the trial judge, but refused to ask the judge or chief judge for disqualification; (2) failed to present the meritorious claim of ineffective assistance of trial counsel; and (3) failed to request an evidentiary hearing needed to create a reviewable record.
>
> IV.   [Petitioner] is entitled to a new trial based on newly discovered evidence that establishes [Petitioner's] actual innocence to the crime for which he stands convicted.

The court of appeals denied petitioner's *pro per* motion for a remand for an evidentiary hearing, found no merit to petitioner's claims, and affirmed his conviction and sentence. *See People v. Palazzo*, No. 269098, 2007 WL 2429222 (Mich. Ct. App. Aug. 28, 2007) (per curiam).

4.     Petitioner, through counsel, sought leave to appeal the issues regarding newly discovered evidence, sufficiency of the evidence, impartial jurist, ineffective assistance of counsel, and cumulative effect of errors to the Michigan Supreme Court.   The Supreme Court denied

petitioner's application for leave to appeal in a standard order.  *See People v. Palazzo*, 480 Mich. 1011, 743 N.W.2d 31 (2007).

5.      Petitioner, through counsel, filed the instant application for a writ of habeas corpus on October 8, 2008.   As grounds for the writ of habeas corpus, he raises insufficiency of the evidence, violation of his right to a fair trial from an impartial jurist, ineffective assistance of trial and appellate counsel, and cumulative effect of the errors at trial

6.      Respondent filed her answer on February 13, 2009.  She contends that petitioner's first three claims are without merit, and petitioner's fourth claim is not cognizable or without merit.

B.      *Factual Background Underlying Petitioner's Conviction*

        Petitioner was convicted of two counts of criminal sexual conduct on February 14, 2006. The factual background underlying his conviction was summarized in the brief submitted by the prosecutor in the Michigan Court of Appeals:

> In September, 2005, the victim, Crystal Schultz, was walking down a street in Melvindale when she encountered [Petitioner] and a man named Travis Read. (2/13, 12). [Petitioner] told the victim that her friend was at a party at his house. [Petitioner] took the victim to his house, 2303 Fisher Street in Melvindale, but her friend was not there. Instead, numerous men were there playing cards and using drugs. (2/13, 13). The victim stayed at the house because she felt as though she could not leave. (2/13, 18). After an hour, [Petitioner] told the victim that he needed her to have sex with certain men. In exchange for the sex, the men would give [Petitioner] money or drugs. (2/13, 16). The victim refused and asked to leave. (2/13, 18). [Petitioner] told victim that if she did not do what he asked to he would have her "ass beat or killed." (2/13, 19). [Petitioner] later gave the victim a glass of pop. After drinking the pop, the victim felt strange and fell asleep. (2/13, 20-21). The next day, the victim told [Petitioner] she was leaving. [Petitioner] told the victim that she could not leave and ordered her into the kitchen. (2/13, 29). In the kitchen, [Petitioner] told the victim to smoke crack cocaine and she complied. (2/13, 29). The victim was repeatedly given drugs which put her in a condition where she felt she could not leave. A few days later, Travis took the victim to [Petitioner's] bedroom and told her that [Petitioner] wanted her to have sex in exchange for drugs and money. (2/13, 24). The victim again indicated that she did not want to do what [Petitioner] wanted. Travis then pushed the victim on the bed

and started kissing her. The victim was under the influence of narcotics at the time. (2/13, 27). Travis put his penis into the victim's vagina and had sex. Over the course of the next few days, the victim had sex with other men in exchange for the men giving drugs and money to [Petitioner]. (2/13, 31). Each time, the victim was under the influence of narcotics. [Petitioner] also ordered the victim to have sex with him. The victim told [Petitioner] no and tried to push him away but she was unable to stop [Petitioner]. (2/13, 111). [Petitioner] threatened to have someone hurt the victim if she did not comply. (2/13, 33, 43). The victim reported that [Petitioner] had oral sex with her twice and intercourse three times. (2/13, 32). After the victim had been in the house for ten days, a person named Tony confronted [Petitioner] and told him to allow the victim [to] leave or else he would call the police. (2/13, 35). [Petitioner] told Tony that the victim could leave. Tony took the victim to a motel room. A few days later, [Petitioner] went to the hotel. [Petitioner] went to the victim's room and attacked her. [Petitioner] put his hands on the victim's throat and told her that she was in trouble if she told the police. (2/13, 37). [Petitioner] also accused the victim of having someone assault him. The victim later reported what happened to her to the police.

On September 21, 2005, the police executed a search warrant at [Petitioner's] house. Throughout the house, the police found empty pill bottles, crack pipes, and other drug paraphernalia. (2/13, 196). The police also found Vicodin pills that were prescribed to a person other than [Petitioner]. (2/13, 197).

On February, 13, 2006, a waiver trial commenced in the Third Circuit Court for Wayne County, the Honorable Thomas E. Jackson presiding. The criminal information charged [Petitioner] with three counts of First Degree Criminal Sexual Conduct. [Petitioner] presented witnesses that testified that the victim was voluntarily propositioning men on the street and at [Petitioner's] house for sex in exchange for money. (2/14, 6, 43). The witnesses further testified that the victim was not forced to smoke crack cocaine at [Petitioner's] house. (2/14, 30, 44). [Petitioner] testified that he invited the victim to his house and allowed her to do business exchanging sex for drugs in his house. (2/14, 62). [Petitioner] denied ever threatening or assaulting the victim. Instead, the victim willingly had sex with him for free in gratitude for him allowing her to stay at the house. (2/14, 64). After the victim left the house, a man named Jimmie Whitman told [Petitioner] that the victim was conspiring to accuse [Petitioner] of raping her. (2/14, 68-69). Jimmie was a friend of Tony, the man that the victim left the house with. [Petitioner] went to the hotel where the victim was staying and confronted her about her plan to set him up. (2/14, 70). On February 14, 2006, Judge Jackson found [Petitioner] guilty of two counts of Third Degree Criminal Sexual Conduct. The court believed that [Petitioner] used force to accomplish the two admitted sexual penetrations. The court found no credibility to [Petitioner's] claim that the victim conspired with Tony to make false accusations against [Petitioner]. (2/14, 111).

Pl.-Appellee's Br. on App., in *People v. Palazzolo*, No. 269098 (Mich. Ct. App.), at 3-5.

(internal footnote omitted).

C.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing

legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the

Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.      *Sufficiency of the Evidence*

Petitioner contends that the evidence adduced at trial was not sufficient to prove beyond a reasonable doubt that he committed third-degree criminal sexual conduct. Though petitioner does not deny engaging in sexual conduct with Ms. Schultz, he argues that the evidence is insufficient to prove that the sexual conduct was the result of force or coercion. He argues that the evidence on which the court based its conviction was "circumstantial at best" because it consisted of only the testimony of the alleged victim. Pet'r's Br., at 13-14. In addition, he argues that Ms. Schultz's testimony was contradicted by witnesses who were present at petitioner's home during the conduct that resulted in petitioner's conviction. *Id.* at 13. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

1.      *Clearly Established Law*

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). Under the pre-AEDPA standard for habeas review of sufficiency of the evidence challenges, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

Reviewing courts must view the evidence, draw inferences, and resolve conflicting inferences from the record in favor of the prosecution. *See Neal v. Morris*, 972 F.2d 675, 678 (6th Cir. 1992). In determining the sufficiency of the evidence, the court must give circumstantial evidence the same weight as direct evidence. *See United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993).

However, under the amended version of § 2254(d)(1) a federal habeas court must apply a more deferential standard of review of the state court decision. Thus, the question here is whether the Michigan Court of Appeals's application of the *Jackson* standard was reasonable. *See Gomez v. Acevedo*, 106 F.3d 192, 198-200 (7th Cir. 1997), *vacated on other grounds sub nom. Gomez v. DeTella*, 522 U.S. 801 (1998); *Restrepo v. DiPaolo*, 1 F. Supp. 2d 103, 106 (D. Mass. 1998).

While a challenge to the sufficiency of the evidence on an established element of an offense raises a federal constitutional claim cognizable in a habeas corpus proceeding, *see Jackson*, 443 U.S. at 324, "[t]he applicability of the reasonable doubt standard . . . has always been dependent on how a State defines the offense that is charged in any given case." *Patterson v. New York*, 432 U.S. 197, 211 n.12 (1977); *see also Jackson*, 443 U.S. at 324 n.16; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Thus, "[a] federal court must look to state law to determine the elements of the crime." *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2nd Cir. 1999).

Under Michigan law, third degree criminal sexual conduct includes engaging in sexual penetration with another if force or coercion is used to accomplish the sexual penetration. MICH. COMP. LAWS § 750.520d(1)(b). For the purposes of the statute the requisite "force" is that which "allow[s] the penetration when absent that force the penetration would not have occurred."

*People v. Carlson*, 466 Mich. 130, 140, 644 N.W.2d 704, 709 (2002). This "encompasses the use of force against the victim to either induce the victim to submit to sexual penetration or to seize control of the victim in a manner to facilitate the accomplishment of sexual penetration without regard to the victim's wishes." *Id.* Force or coercion also includes situations where "the actor forces the victim to submit by threatening to use force or violence [when] the victim believes the actor has the present ability to execute the threat." *People v. Makela*, 147 Mich. App. 674, 682, 383 N.W.2d 270, 274 (1985).

　　2.　　*Analysis*

　　In his habeas application, petitioner argues that the prosecution did not produce sufficient evidence to prove that he fulfilled the coercion/force element of third degree criminal sexual conduct. This claim is without merit. Ms. Schultz's testimony, as well as the contradicting testimony of petitioner's witnesses, was presented to the trial judge. It is the job of the trial court, not this Court sitting on habeas review, to resolve conflicts in the evidence, and this Court must presume that the trier of fact resolved those conflicts in favor of the prosecution. *See Jackson*, 443 U.S. at 326; *United States v. Sherwood*, 98 F.3d 402, 408 (9th Cir. 1996). A reviewing court, whether on direct appeal or habeas review, "do[es] not make credibility determinations in evaluating the sufficiency of the evidence." *United States v. Owusu*, 199 F.3d 329, 344 (6th Cir. 2000); *Walker v. Russell*, 57 F.2d 472, 475-76.

　　The Michigan Court of Appeals held that the evidence in the trial record was a sufficient basis for petitioner's conviction. It reasoned that, although the victim's testimony was somewhat inconsistent and her memory was "less than ideal," she did testify that petitioner forced her to have sex with him. *Palazzolo*, 2007 WL 2429222, at *3, slip op. at 4. This testimony established

sufficient evidence from which the trial court could have concluded that the coercion or force element of third degree criminal sexual conduct was met. Michigan law explicitly provides that "[t]he testimony of a victim need not be corroborated in prosecutions under [the criminal sexual conduct statutes]." MICH. COMP. LAWS §750.520h. Thus, "[i]t is a well established rule that a [trier of fact] may convict on the uncorroborated evidence of a CSC victim." *People v. Lemmon*, 456 Mich. 625, 642 n.22, 576 N.W.2d 129, 137 n.22 (1998). This rule comports with the more general rule in sufficiency of the evidence cases that the testimony of the victim standing alone is sufficient evidence to convict a defendant beyond a reasonable doubt. *See, e.g.*, *United States v. Mejia*, 909 F.2d 242, 245 (7th Cir. 1990); *Holderfield v. Jones*, 903 F. Supp. 1011, 1017 (E.D. La. 1995). "Even in the face of inconsistent evidence, a victim's testimony alone can be sufficient to support a guilty verdict." *United States v. Kenyon*, 397 F.3d 1071, 1076 (8th Cir. 2005). Ms. Schultz testified that petitioner instructed her to do as he said or he would have her "ass beat or killed" and that petitioner threatened to have someone hurt her if she did not comply with his order to have sex with him. This evidence, even when taken with the contradictory testimony of petitioner's witnesses, was sufficient to establish the coercion/force element of third degree criminal sexual conduct. Thus, when viewed in the light most favorable to the prosecution, the evidence adduced at trial provided a sufficient basis from which a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.

Because the Michigan Court of Appeals's application of the *Jackson* standard was reasonable, it did not act contrary to, or unreasonably apply, clearly established federal law, nor was its decision based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his sufficiency of the evidence claim.

E.      *Impartiality of Jurist*

Petitioner next contends that he was deprived of his due process right to a fair trial because the trial court judge did not display impartiality. Petitioner argues that the trial judge displayed bias in favor of the prosecution and used his own personal knowledge to substantiate his opinion regarding the effects of crack cocaine in finding petitioner guilty. Examples petitioner puts forth in furtherance of his claim of partiality include: (1) the court allowing a brief recess when Ms. Schultz refused to continue to testify during direct examination; (2) the court taking no action other than to tell defense counsel to move on when defense counsel accused the officer in charge of improperly communicating with Ms. Schultz; and (3) the court's direct statement to one of petitioner's witnesses regarding perjury and its consequences. Pet'r's Br., at 22. Petitioner also argues that the court's references to the effects of crack cocaine in the absence of any expert evidence on the drug or its effects constituted a denial of petitioner's right of confrontation. He argues that he was not able to confront or cross-examine a witness as to the veracity of the court's statements about crack cocaine. *Id.* at 24. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

1.      *Clearly Established Law*

Perhaps, "[n]o right is more fundamental to the notion of a fair trial than the right to an impartial judge." *Bracy v. Gramley*, 81 F.3d 684, 696 (7th Cir. 1996) (Rovner, J., dissenting), *rev'd* 520 U.S. 899 (1997); *see also*, MASS. CONST. of 1780, pt. 1. art. 29. Thus, "the Due Process Clause clearly requires a 'fair trial in a fair tribunal,' before a judge with no actual bias

against the defendant or interest in the outcome of his particular case." *Bracy*, 520 U.S. at 904-05 (citation omitted) (quoting *Withrow v. Larkin*, 421 U.S. 35, 46 (1975)). "Because judicial bias infects the entire trial process it is not subject to harmless error review." *Maurino v. Johnson*, 210 F.3d 638, 645 (6th Cir. 2000) (citing *Tumey v. Ohio*, 273 U.S. 510 (1927)).

Habeas relief on the basis of judicial bias is appropriate only if "the state trial judge's behavior rendered the trial so fundamentally unfair as to violate federal due process under the United States Constitution." *Duckett v. Godinez*, 67 F.3d 734, 740 (9th Cir. 1995). As a general matter, habeas relief will be appropriate only upon a showing that the trial judge was actually biased or prejudiced against the petitioner. *See Fero v. Kerby*, 39 F.3d 1462 (10th Cir. 1994). However, in exceptional circumstances "the likelihood of bias or appearance of bias can . . . be so substantial as to create a conclusive presumption of actual bias." *Id.* (internal quotation omitted). The appearance of bias situation is limited to cases in which "a judge is faced with circumstances that present some actual incentive to find one way or the other," *id.* (internal quotation omitted); *see also, Del Vecchio v. Illinois Dep't of Corrections*, 31 F.3d 1363, 1372 (7th Cir. 1994) (en banc), such as where the judge has a pecuniary interest in the outcome or has been the target of repeated abuse by one of the parties. *See Six v. Delo*, 885 F. Supp. 1265, 1271 (E.D. Mo. 1995), *aff'd*, 94 F.3d 469, 478 (8th Cir. 1996).

As the Supreme Court has noted in the context of the federal recusal statute, "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also, Liteky v. United States*, 510 U.S. 540, 549-51 (1994); *Browning v. Foltz*, 837 F.2d 276, 279 (6th

Cir. 1988). For this reason,

> judicial rulings alone almost never constitute a valid basis for a bias or partiality
> motion. In and of themselves (i.e. apart from surrounding comments or
> accompanying opinion), they cannot possibly show reliance upon an extrajudicial
> source; and can only in the rarest circumstances evidence the degree of favoritism
> or antagonism required . . . when no extrajudicial source is involved.

*Liteky*, 510 U.S. at 555. Thus, "[a] judge's ordinary efforts at courtroom administration – even a

stern and short-tempered judge's ordinary efforts at courtroom administration – remain

immune." *Id.* at 556. Although *Liteky* was decided on the basis of the federal recusal statute, it

provides guidance for resolving habeas claims of judicial bias. *See Maurino*, 210 F.3d at 645;

*Poland v. Stewart*, 117 F.3d 1094, 1103-04 (9th Cir. 1997).

      2.      *Analysis*

      In his habeas petition, petitioner puts forth four arguments in support of his claim that the

trial judge did not display impartiality. All four arguments lack merit.

      Petitioner first contends that the trial court showed bias when it allowed Ms. Schultz to

take a brief recess while she was testifying. This did not constitute judicial bias. Ms. Schultz

became distraught while testifying about the details of the sexual conduct that is the subject of

this case. The court did not show bias in allowing Ms. Schultz time to collect herself, especially

considering the court's statement accompanying the recess:

> I don't see a reason for a recess here. I'm going to give you a moment, here,
> ma'am, but, you know, there's nothing difficult about testifying here. There's no
> jury here, you're in a courtroom setting. And I'm not going to be very patient with
> this, Mr. [prosecutor], you know. So we're going to take about five, ten minutes,
> here, you talk to her.

Trial Tr., Vol. I, at 25. Allowing this brief recess is not evidence that the court was biased in

favor of the prosecution, but rather evidenced an effort at courtroom administration. Thus,

petitioner's first argument in support of his partial jurist claim is without merit.

Petitioner next argues that the court taking no action other than to tell defense counsel to move along when defense counsel accused the officer in charge of improperly communicating with Ms. Schultz during cross examination evidenced the court's bias in favor of the prosecution. Petitioner is referring to the following excerpts from the trial transcript:

> Q. Why – ma'am, stop communicating with the officer in – charge.
> A. I'm not communicating with the officer. I'm looking right at you.
> THE COURT: You know, if you want to cross-examine her, cross-examine, okay. Let's move on.
> [DEFENSE COUNSEL]: Your Honor, I'm sorry, if I just make for the record, I was told by another member of the bar that –
> THE COURT: Sir, move on, please.
>
> * * * *
>
> Q. Did you – I'm sorry, you keep looking at the officer-in-charge. Is there a problem?
> A. No, there ain't a problem. I just don't like looking at you.
> THE COURT: Sir, are you going to ask questions or are you going to –
> [DEFENSE COUNSEL]: I have to create a record, your Honor, just for my client's protection.
> THE COURT: What record do you want to make right now?
> [DEFENSE COUNSEL]: She keeps constantly looking at the officer-in-charge for direction.
> THE COURT: What's wrong with looking at the officer?
> [DEFENSE COUNSEL]: Well, in case he's giving her communication.
> THE COURT: Do you see him doing anything?
> [DEFENSE COUNSEL]: I have before.
> THE COURT: Please move on, sir. Please just move on.

Trial Tr., Vol. I at, 124, 137-38.

The court's instruction that petitioner's trial counsel "move on" did not evidence bias. As the

Michigan Court of Appeals stated, the court's statement "constituted an attempt to move the testimony along and avoid wasting time on tangential matters." *Palazzolo*, 2007 WL 2429222, at *5, slip op. at 5. This effort at courtroom administration in no way constituted bias in favor of the prosecution. Thus, petitioner's second argument in support of his partial jurist claim is without merit.

Petitioner next argues that the court's direct statement to petitioner's witness, Travis Read, regarding perjury and its consequences is evidence that the court was biased in favor of the prosecution. The court's statement to Mr. Read did not constitute judicial bias. The reference to perjury during Mr. Read's testimony was not a showing that the trial judge was actually biased or prejudiced against the petitioner. *See Fero*, 39 F.3d 1462. Rather, as the Michigan Court of Appeals noted, "it was a reflection of the trial judge's credibility determinations, which were his to make." *Palazzolo*, 2007 WL 2429222, at *5, slip op. at 5. Thus, petitioner's third argument in support of his partial jurist claim is without merit.

Finally, petitioner argues that the court's reference to the effects of crack cocaine in the absence of any expert testimony on the drug or its effects evidenced the court's bias in favor of the prosecution and denied him the right of confrontation. These arguments lack merit.

First, petitioner's argument that the trial judge's reference to the effects of crack cocaine evidenced judicial bias is without merit. The record shows that the judge was relying not only on his common knowledge of crack cocaine, but also on the testimony of Mr. Read to guide his understanding its effects: "But even regardless of whatever studies there might be, the testimony of Mr. Read indicated that that's what he experienced and that he saw her constantly smoking the crack cocaine." Trial Tr., Vol. II, at 109. Thus, the trial judge's reference to the effects of crack

cocaine did not evidence bias in favor of the prosecution, but rather showed his attempt to understand the effects of crack cocaine based on the testimony in evidence and his common knowledge of the drug.

Second, petitioner's argument that he was unable to confront a witness regarding the effects of crack cocaine because the trial judge was relying on facts not in the record is without merit. As previously indicated, the trial judge was not relying solely on his own knowledge in forming an understanding of the effects of crack cocaine; he was also relying on the testimony of Mr. Read. Trial Tr., Vol II, at 109. It may have been error for the judge to refer to "studies," Trial Tr., Vol. II, at 109, because there were no studies in evidence, but this error was harmless because it did not go to the underlying issue of whether Ms. Schultz had voluntarily engaged in smoking crack and sexual conduct. Thus, the trial judge's reference to the effects of crack cocaine did not constitute bias.

None of petitioner's four arguments in support of his claim of a partial jurist provide evidence of an actual bias or prejudice toward petitioner, nor do they provide any evidence of the court having any incentive to rule against petitioner. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on his partial jurist claim.

F.      *Ineffective Assistance of Counsel*

Petitioner contends that he was denied effective assistance of both trial and appellate counsel. He argues that ineffective assistance of trial counsel is evidenced by trial counsel's failure to properly investigate and present defense witnesses with first hand knowledge of the events for which he was convicted. Pet'r's Br., at 31. He argues that ineffective assistance of appellate counsel is evidenced by appellate counsel's failure to raise the issue on appeal of

ineffective assistance of trial counsel and failure to request an evidentiary hearing when attempting to obtain a new trial. *Id.* at 37.

### 1. *Clearly Established Law*

The Sixth Amendment right to counsel and the corollary right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). This right to counsel guarantees a defendant effective appellate counsel, as well as trial counsel. *See Evitts v. Lucey*, 469 U.S. 387 (1985). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687. These two components are mixed questions of law and fact. *See id.* at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing of one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

With respect to the performance prong of the inquiry, a strong presumption exists that counsel's behavior lies within the range of reasonable professional assistance. *See id.* at 689; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before

the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.

2.  *Trial Counsel*

In his habeas application, petitioner argues that his trial counsel was ineffective because he failed to interview or call two witnesses that petitioner claims would have provided valuable testimony at trial. Pet'r's Br., at 33. The two witnesses petitioner claims would have been beneficial to his case are James Waitman and Ronald Dean Harris. Mr. Waitman was present when Ms. Schultz and Tony Delfanzo allegedly discussed setting up petitioner, and Mr. Harris drove Ms. Schultz and Mr. Delfanzo from petitioner's home to Mr. Delfanzo's father's house. The Court should order an evidentiary hearing to develop a record regarding petitioner's claim that his trial counsel's failure to call these two witnesses constitutes ineffective assistance.

In addressing whether an evidentiary hearing is appropriate in a habeas corpus case, a court must consider two separate issues: (1) whether an evidentiary hearing is necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C. foll. § 2254; and (2) whether a hearing is permitted under 28 U.S.C. § 2254(e)(2). Taking the second issue first, an evidentiary hearing is permitted in this case under § 2254(e)(2). That section provides that, "[i]f the applicant has failed to develop the factual basis of the claim in State court proceedings, the court shall not hold an evidentiary hearing on a claim unless" one of two exceptions is met. 28 U.S.C. § 2254(e)(2). Here, an evidentiary hearing is permissible because petitioner has not "failed to develop the factual basis" of his ineffective assistance claim. In *Williams v. Taylor*, 529 U.S. 420 (2000), the Court explained that Congress' use of the term "'failed to develop' implies some lack of diligence [.]" *Id.* at 430. Thus, "[u]nder the opening

clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id.* at 432. Here, petitioner requested a remand for an evidentiary hearing in the Michigan Court of Appeals. Thus, petitioner did not "fail to develop" the evidence in support of her claim. *See Mayes v. Gibson*, 210 F.3d 1284, 1288 n.2 (10th Cir. 2000) (*Michael Williams* standard satisfied where petitioner "raised the need for an evidentiary hearing" on direct appeal and in collateral review proceeding); *Morales v. Coyle*, 98 F. Supp. 2d 849, 893 (N.D. Ohio 2000) (*Michael Williams* standard satisfied where petitioner sought an evidentiary hearing in state court, which was denied[.]").

Further, an evidentiary hearing is necessary to resolve petitioner's claim. In making the determination of whether an evidentiary hearing is necessary under Rule 8, "courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000) (discussing *Cardwell v. Greene*, 152 F.3d 331, 338 (4th Cir. 1998)); *see also*, *Alcorn v. Smith*, 781 F.2d 58, 59-60 (6th Cir. 1986) (applying pre-AEDPA law); *cf. Townsend v. Sain*, 372 U.S. 293, 312-13 (1963). Here, petitioner claims that counsel was ineffective for failing to interview or call Mr. Waitman and Mr. Harris, two witnesses that petitioner claims would have provided evidence valuable to his defense. *Palazzolo*, 2007 WL 2429222. The court of appeals rejected petitioner's ineffective assistance of trial counsel argument, reasoning that Mr. Waitman and Mr. Harris would have provided non-exculpatory or cumulative evidence. *Palazzolo*, 2007 WL 2429222, at *6, slip op. at 6. However, the testimony that petitioner claims Mr. Waitman would provide would be duplicative of only petitioner's own testimony. The trial judge's

credibility determinations when weighing the testimony may have been different if the defense presented a witness whose testimony corroborated petitioner's self-serving claim that Ms. Schultz was attempting to set him up. If petitioner can show that trial counsel acted unreasonably in failing to interview and call Mr. Waitman and Mr. Harris, then his ineffective assistance of trial counsel claim will be advanced. Thus, in order to determine whether trial counsel's performance was deficient the Court must hear testimony exploring the bases of counsel's decision not to interview Mr. Waitman and Mr. Harris. Accordingly, the Court should order an evidentiary hearing to develop facts relating to petitioner's ineffective assistance of trial counsel claim[1].

G.      *Cumulative Effect of Errors*

Petitioner contends that he was denied his due process right to a fair trial based on the cumulative effect of errors throughout the trial. Pet'r's Br., at 41. The Court should conclude that petitioner is not entitled to habeas relief on this basis. It is true that "[e]rrors which standing alone may be deemed harmless or insufficiently prejudicial to amount to a denial of due process may cumulatively produce a trial setting which is fundamentally unfair." *Payne v. Janasz*, 711 F.2d 1305, 1316 (6th Cir. 1983) (Jones, J., dissenting); *accord Walker v. Engle*, 703 F.2d 959, 968 (6th Cir. 1983). This rule, however, applies only to constitutional errors; the accumulation of non-errors cannot collectively amount to a violation of due process. *See Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002); *United States v. Lumpkin*, 192 F.3d 280, 290 (2d Cir. 1999); *McKinnon v. Ohio*, No. 94-4256, 1995 WL 570918, at *12 (6th Cir. Sept. 27, 1995); *Fero v. Kerby*, 39 F.3d 1462, 1475 (10th Cir. 1994). With the possible exception of petitioner's

---

[1] Petitioner also claims that his appellate counsel was ineffective in failing to raise an ineffective assistance of trial counsel claim. The outcome of this claim is dependent on the findings

ineffective assistance of counsel claim for which an evidentiary hearing is recommended, none of his claims establish constitutional error. Because this leaves the possibility of no more than one error, petitioner's cumulative error claim necessarily fails. Accordingly, the court should conclude that petitioner is not entitled to habeas relief on this claim.

H.      *Recommendation Regarding Certificate of Appealability*

1.      *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v.*

---

at the evidentiary hearing.

*Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84.  Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable."  *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue."  FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments.  In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.      *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should conclude that petitioner is not entitled to a certificate of appealability. Ms. Schultz's testimony was sufficient evidence from which a rational trier of fact could have found the elements of third degree criminal sexual conduct beyond a reasonable doubt. Thus, the

resolution of petitioner's insufficiency of the evidence claim is not reasonably debatable. The record shows that the specific instances that led to petitioner's claim of denial of an impartial jurist were merely attempts at courtroom administration, and not evidence of bias in favor of the prosecution. Additionally, the record shows that the trial court's reference to the effect of crack cocaine was supported by the testimony of Travis Read. Thus, the resolution of petitioner's partial jurist claim is not reasonably debatable. Finally, the resolution of petitioner's cumulative effect of errors claim is not reasonably debatable because there were no constitutional errors to be accumulated. Accordingly, this Court should conclude that petitioner is not entitled to a certificate of appealability.[2]

I.    *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   Filing of objections which raise some issues but fail to raise others with

_____

[2] Because an evidentiary hearing is recommended with respect to petitioner's ineffective assistance of counsel claim, it would be inappropriate to determine whether he is entitled to a

24

specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated:6/23/10

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on June 23, 2010.

s/Eddrey Butts
_____Case Manager

certificate of appealability on the claim at this time.